WENTWORTH, Judge.
Employer/carrier appeals and we affirm a January 22, 1980, order of the deputy commissioner finding claimant entitled to temporary total disability benefits for two brief periods of time: from April 19, 1979, to May 29, 1979, and from September 27, 1979, to November 5, 1979. Maximum medical improvement was found to have occurred on November 5,1979, with no permanent disability.
On May 10, 1979, claimant filed a claim for temporary and permanent disability compensation for an accident occurring on March 26, 1978. On May 31, 1979, claimant filed an amended claim listing April 19, 1979, as a date of accident. On August 30, 1979, employer/carrier applied for a hearing, listing March 29, 1978, as the date of accident on its application. The pre-trial stipulation gave March 29,1978, as the date of accident and showed the employer/carrier controverting any further temporary total disability or permanent partial disability *372 compensation. The hearing was held on November 21, 1979.
At the hearing claimant testified she was 51 years old, had a 9th grade education, and had hurt her back while working for Florida Hospital in 1968, with only emergency room treatment and occasional symptoms until, on March 29, 1978, she twisted her back when a mattress fell on her, and she returned to work after two weeks’ treatment. She went on to testify as follows:
Q. All right. Now, when you returned to work after that accident, .... Were you continuing to have trouble with your back?
A. Yes....
Q. Now, in April, approximately April the 18th, 1979, and I draw your attention to that date, did something happen on that day, ....
A. Well, didn’t nothing really happen like picking up nothing, but I was working, we had a lot of work to do, and I was working real hard and my back started hurting.
Q. Was it in the same place you had been having trouble from a year ago?
A. Yes, same place.
Q. All right. Did you get medical attention?
A. ... I worked there Sunday sick with my back and I called in sick that Monday. And I called Dr. Mackey, but he couldn’t take me until that Tuesday.
Q. I see.
A. So I was off Monday and Tuesday. Wednesday was my day off. Thursday, I went back to work and Friday they terminated me.
Q. All right. I would like to draw the Court’s attention to the fact that Dr. Mackey sent a copy of that medical report to the hospital.
MR. ZIMMERMAN: Your Honor, I think all this is immaterial and irrelevant to this claim. You know, they’re contending that she had a new injury, an accident in April, 1979 which, of course, will have to be litigated at the proper time. We’re here for a hearing on an injury of March, 1978, based on my application for hearing.
MR. HURT: Judge, it’s our position that she did have the accident in ’78. which Mr. Zimmerman has stipulated to and we think the, whatever happened in April of 1979, I don’t know that it was an accident. Certainly her back got worse from the previous accident and whether it was an aggravation of that one, or what, we don’t know. We’re not all that concerned. We just want to tell the Court what has happened to this lady.
THE DEPUTY: I haven’t heard anything about a new incident yet. And I’ll overrule your objection.
MR. ZIMMERMAN: Well, he asked Dr. Mackey whether it was a.
THE DEPUTY: I haven’t read his deposition .... Just going by what she said this morning.
MR. ZIMMERMAN: All right.
The order on appeal recites claimant’s claim for “an accident and injury ... on March 29, 1978, and April 19, 1979,” but recognizes the stipulation “that the date of accident was March 29, 1978” and finds temporary total disability compensation due for the weeks above noted following April 19, 1979, without reference in any part of the order to an independent accident on that date. The literal terms of the order instead grant several weeks’ temporary disability compensation for the stipulated accident in 1978. Although there was medical testimony that the disability in question was causally related to “whatever happened” on April 19,1979, that was expressly based solely on claimant’s limited history or report of the current onset of severe symptoms. The doctor’s opinion was unequivocal that “the discomfort in her low back is job-related. I cannot attribute it to a particular incident .... ”
Appellant contends that the deputy (1) expanded the hearing beyond the applica *373 tion for hearing on the 1978 accident; (2) erred in ordering “that temporary total disability benefits be paid in connection with the 1979 incident” for a period when claimant’s “testimony reflects that she was able to work;” and (3) unnecessarily determined the maximum medical improvement date.
On the first point we affirm because the record, supra, reflects no prejudicial admission of evidence of events other than as arguably related to the 1978 accident, and the stipulation clearly identifies that accident and the period in 1979 for which consequential temporary benefits were sought. We dispose of the second issue by concluding the order does not order benefits paid for “the 1979 incident” independent of the stipulated 1978 accident involving a back injury at the same anatomic situs as the symptoms for which temporary disability benefits were awarded. Although the evidentiary basis for determination of claimant’s inability to work during the weeks in question, like the evidence of causal contribution by the 1978 accident, is not clear or strong and might have been resolved differently by the deputy as fact finder, we conclude there is no fatal deficit. As to the third point, supra, in view of the appellant employer/carrier’s stipulation challenging temporary and permanent disability and the request for hearing on both those issues, we find no error in the order terminating temporary disability on the date found for maximum medical improvement as specified by the medical evidence. The record contains no evidence whatever as to an earlier maximum medical improvement date now asserted by appellant for the 1978 accident, other than the fact that claimant then returned to work after her initial disability and treatment in 1978. Appellant’s issue as to fees and costs is controlled by our determination against reversible error on the other points.
The order is accordingly affirmed.
ERVIN and SHAW, JJ., concur.